# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5925 | **DATE** | 11/4/2003 |
| **CASE TITLE** | White vs. Chicago Cooling Tower | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 9-1) to dismiss is granted in its entirety. Ruling set for November 13, 2003 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 0 4 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | NOV 0 4 2003 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIKE S. WHITE, )
)
        Plaintiff, )
)
vs. ) 03 C 5925
)
CHICAGO COOLING TOWER, )
)
        Defendant. )

DOCKETED
NOV 0 4 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Chicago Cooling Tower, Inc.'s ("CCT") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

## BACKGROUND

Because this is a motion to dismiss, we accept all well plead facts and allegations in the complaint as true and construe all inferences in favor of the Plaintiff. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). Furthermore, because the Plaintiff is a *pro se* litigant, this court will employ a more liberal standard of review than would otherwise be used. Haines v. Kerner, 404 U.S. 519, 520 (1972).

From November 1998 until March 1, 2002, Plaintiff Michael White was an employee at CCT, working as a cooling tower technician. Throughout this time period,

White's job performance more than met CCT's standards. Beginning in February 2002, White was subjected to harassment from his supervisor Jose Lopez, who welcomed White on a daily basis with the greeting "What's up, my nigger?" White, who is African-American, found this greeting offensive and made Lopez, and CCT's owner Tim Hesterman, aware of his feelings on more than one occasion. Also in February 2002, White received a lower salary and less vacation pay than a similarly situated co-worker named Mario (last name unknown), who performed the same job as White but was not African-American. On March 1, 2002, White was discharged by CCT. CCT's reason for firing White was that he refused to work on Saturdays. Mario, who also refused to work on Saturdays, was not discharged.

On March 25, 2002, White filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). White alleged that he was harassed, subject to unequal pay, and discharged because he was African-American. The EEOC and IDHR dismissed White's claims, in their entirety, for lack of jurisdiction. The EEOC and IDHR based their dismissal on the fact that CCT employed less than fifteen employees, and thus did not meet the definition of "employer" under the applicable statutes.

On September 2, 2003, White filed the present action with this court. White's complaint alleges that he was wrongfully terminated by CCT in violation of Title VII

of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and wrongfully compensated in violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d). White asks that this court direct CCT to rehire him as well as to award White back pay, future pay, and three years of vacation pay. CCT moves to dismiss both the Title VII and EPA counts in its unopposed motion.

## LEGAL STANDARD

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989)). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) (citing Beanstalk Group, Inc. v. AM General Corp., 283 F.3d 856, 863 (7th Cir. 2002)). Dismissal is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). With these principles in mind, we now address the motion before us.

## DISCUSSION

### White's Title VII Count

White first alleges that CCT discriminated against him in violation of Title VII. In order to be liable under Title VII, a defendant must fall under the statute's definition

-3-

of "employer." Shannon v. Hotel Employees and Restaurant Employees Intern' Union, 2003 WL 1338457, *4 (N.D. Ill. 2003) (citing Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995)). According to Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calender weeks in the current or preceding calender year [of the alleged violation.]" 42 U.S.C. § 2000e(b). For this reason, Title VII "is not available to employees who work in relatively small businesses." Walker v. Abbott Laboratories, 340 F.3d 471, 474 (7th Cir. 2003).

We agree with the EEOC and IDHR in their conclusion that CCT is not an "employer" under Title VII. White's Complaint contains no allegation that CCT ever employed fifteen or more employees, which alone is sufficient to warrant dismissal of his Title VII claim. Robinson v. Sabis Education Systems, Inc., 1999 WL 414262, *6 (N.D. Ill. 1999). Furthermore, it appears that White could not make such an allegation in good faith. According to CCT's Quarterly Federal Tax Returns, CCT never even employed more than ten employees during the 2001 and 2002 calender years. Because CCT did not employ fifteen or more employees during the year preceding and the year of its alleged Title VII violations, Title VII is not applicable to CCT. For this reason, White's Title VII count must be dismissed.

## White's EPA Count

White next alleges that CCT engaged in wage discrimination in violation of the EPA. The EPA "is narrowly focused on the problem of wage differentials based on sex [and] its broad remedial purpose is the elimination of sexual discrimination against women." Ende v. Board of Regents of Regency Universities, 757 F.2d 176, 183 (7th Cir. 1985). To achieve its statutory aim, the EPA prohibits wage discrimination only "on the basis of *sex*." 29 U.S.C. § 206(d)(1) (emphasis added). Accordingly, the EPA does not apply to wage discrimination on the basis of race or national origin. Pyke v. Metro Children and Adolescent Institute, 1998 WL 142373, *5 (N.D. Ill. 1998). Because White does not allege wage discrimination on the basis of his sex, his EPA count must be dismissed as well.

## CONCLUSION

Based on the foregoing analysis, CCT's motion to dismiss is granted in its entirety.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV - 4 2003